**In re FLEET BANK CREDIT CARD TERMS LITIGATION**

**Johanna Landreneau, et al. v. Fleet Financial Group, et al., M.D. Louisiana, C.A. No. 3:01-26**

**Joyce Bond v. Fleet Bank (RI), N.A., D. Rhode Island, C.A. No. 1:01-177**

**No. MDL–1460.**

Judicial Panel on Multidistrict Litigation.

June 17, 2002.

### ORDER DENYING TRANSFER

WILLIAM TERRELL HODGES, Chairman.

This litigation consists of two actions now pending in the Middle District of Louisiana and the District of Rhode Island. The Rhode Island plaintiff moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Rhode Island for coordinated or consolidated pretrial proceedings. The Louisiana plaintiffs and the Fleet defendants[1] oppose the motion. In the alternative, Fleet suggests the Eastern District of Pennsylvania or the Middle District of Louisiana as transferee district, while the Louisiana plaintiffs prefer the latter.

On the basis of the papers filed and hearing session held, the Panel finds that given the minimal number of actions pending in this docket, Section 1407 centralization is not warranted at this time. At the oral argument on this matter, counsel represented that thus far the parties have been successfully informally coordinating pretrial proceedings. We also point out that alternatives to Section 1407 transfer exist that can minimize whatever chances there might be of duplicative discovery, inconsistent pretrial rulings, or both. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). *See also Manual for Complex Litigation, Third,* § 31.14 (1995). The moving Rhode Island plaintiff argues that the possibility of conflicting class determinations war-

rants Section 1407 proceedings. The parties can renew this Section 1407 motion, if necessary, after the Louisiana and Rhode Island courts have addressed the issue of class certification.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied without prejudice.

---

* Judge Selya did not participate in the decision of this matter.

1. Fleet Bank (RI), N.A.; FleetBoston Financial Corp.; and Fleet Credit Card Services, L.P. (collectively Fleet).